**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**SAMUEL BOOTH,**

      **Petitioner,**

**vs.**

                                      **CASE NO. 4:10cv314-MP/WCS**

**KENNETH S. TUCKER, Secretary,
Florida Department of Corrections,[1]**

      **Respondent.**

_____/


**REPORT AND RECOMMENDATION**

      This is a petition for writ of habeas corpus filed by Samuel Booth pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner challenges his convictions for three counts of armed robbery with a deadly weapon and one count of aggravated battery with a deadly weapon causing great bodily harm, case number 2006 CF 473,  in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida.  *Id.*

      Respondent filed a motion to dismiss the petition as untimely.  Doc. 12.  The motion was accompanied by portions of the record, filed electronically.  Doc. 13.

_____

      [1] On August 24, 2011, Kenneth S. Tucker succeeded Edwin G. Buss as the Secretary of the Florida Department of Corrections, and is automatically substituted as Respondent.  Fed.R.Civ.P. 25(d).

References herein to exhibits are to the record as filed electronically.  Petitioner has not filed a response to the motion.

**Legal analysis**

There is a one year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  "[T]he limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run."  Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (citations omitted).

28 U.S.C. § 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  "[T]he phrase 'collateral review' in § 2244(d)(2) means *judicial review of a judgment* in a proceeding that is not part of direct review."  Wall v. Kholi, __ U.S. __131 S.Ct. 1278, 1282, 179 L.Ed.2d 252 (2011) (emphasis added). "Viewed as a whole, then, 'collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process."  131 S.Ct. at 1285.  The Supreme Court in Kholi commented that a motion for post-conviction discovery or a motion for appointment of counsel, unlike the motion to reduce sentence before it, was not a "direct request[] for judicial review of a judgement." 131 S.Ct. at 1286 n. 4.

The AEDPA limitations period also runs from the latest of specified dates, which also include (in addition to that quoted above):  the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was initially recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered by due diligence.  § 2244(d)(1)(A)-(D).

While Respondent briefly addresses a "new evidence" argument, Petitioner has made no credible argument to this court for a later commencement date under § 2244(d)(1)(D); moreover it does not affect the conclusion.  Petitioner claims he is "actually innocent" in ground one, alleging that when he hired a lawyer to file a Rule 3.850 motion, he discovered an arrest report by investigator Ulysses Jenkins.  Doc. 1, p. 6.  The Rule 3.850 motion referenced in ground one appears to have been directed to a revocation of probation, and was filed on October 3, 2008, by counsel.[2]  Ex. R.  The date of discovery of new evidence had to have been prior to this filing.  It is assumed that the denial of Petitioner's Rule 3.850 motion relevant to this petition became final on January 24, 2009, but Petitioner did not file this § 2254 petition until July 22, 2010, more than a year later.

Thus, a commencement date of sometime before October 3, 2008, does not help Petitioner, and the tolling calculation provided by Respondent is largely academic.  Denial of the Rule 3.850 motion was affirmed and was rehearing was denied on

---

[2] On the other hand, the Rule 3.850 directed to the convictions at issue in this case was filed pro se.  Ex. M.

January 23, 2009, after the mandate issued.  Exs. O, P, and Q; Doc. 12, p. 5.[3]  Using

the anniversary method and commencing the time the following day, on January 24,

2009,  the one year expired on Monday, January 25, 2010.  Petitioner did not file this §

2254 petition until July 22, 2010, when the petition was submitted to prison officials for

mailing.  Doc. 1.  Absent equitable tolling, the petition is untimely.

Section 2244(d) is subject to equitable tolling.  Holland v. Florida, 560 U.S. __,

130 S.Ct. 2549, 2560, 177 L.Ed2d 130 (2010).  "The burden of proving circumstances

that justify the application of the equitable tolling doctrine rests squarely on the

petitioner.  Mere conclusory allegations are insufficient to raise the issue of equitable

tolling."  San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir.), cert. denied, 132 S.Ct.

158 (2011).[4]  Petitioner makes no argument for equitable tolling, however.

**Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant," and if a

---

[3] The denial of the Rule 3.850 motion was affirmed on appeal on November 10, 2008, and the mandate issued on November 26, 2008.  Exs. O and P.  Petitioner's amended motion for rehearing, filed on December 15, 2008, was denied on January 23, 2009.  Ex. Q.  It is assumed without deciding that the Rule 3.850 proceeding tolled the time through that date.

[4] For equitable tolling to apply, Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 and n. 8, 125 S.Ct. 1807, 1814 and n. 8, 161 L.Ed.2d 669 (2005) (citations omitted); Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting Pace); Holland v. Florida, 130 S.Ct. at 2562 and 2565.  A negligent mistake made by a pro se petitioner does not give rise to equitable tolling.  Murphy v. United States, 634 F.3d 1303, 1306 (11th Cir. 2011).  Indeed, a negligent mistake made by a petitioner's lawyer does not equitably toll the one year period.  Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007).

certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2254 Rule 11(b).

I find no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, I recommend that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

 Conclusion

Accordingly, it is **RECOMMENDED** that Respondent's motion to dismiss, doc. 12, be **GRANTED**, that this § 2254 petition for writ of habeas corpus filed by Samuel Booth challenging convictions for three counts of armed robbery with a deadly weapon and one count of aggravated battery with a deadly weapon causing great bodily harm, case number 2006 CF 473,  in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida,  be **DISMISSED WITH PREJUDICE as untimely filed**, and that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on December 7, 2011.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

        A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:10cv314-MP/WCS